UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| BRIAN KEITH MILSTEAD, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 4:12-CV-52 |
| | ) | *Mattice/Carter* |
| BEDFORD COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ASSISTANT | ) | |
| DISTRICT ATTORNEY MIKE | ) | |
| RANDALLS, ASSISTANT DISTRICT | ) | |
| ATTORNEY ANN LACY FILER, | ) | |
| JUDGE ROBERT CRIGLER, APRIL | ) | |
| HERNANDEZ, PUBLIC DEFENDER | ) | |
| DONNA ORR HARGROVE, AND | ) | |
| PUBLIC DEFENDER ANDREW | ) | |
| JACKSON DEARING, III, | ) | |
| | ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

Brian Keith Milstead ("Plaintiff"), a *pro se* prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court, Middle District of Tennessee, Nashville Division (Doc. 1). After assessing the fee, the Middle District transferred the case to this Court since the claims arose in Bedford County which lies within the Eastern District of Tennessee (Doc. 3). *See* 28 U.S.C. § 123(a)(4).

Plaintiff brings suit against the Bedford County Sheriff's Department; Assistant District Attorneys Mike Randalls and Ann Lacy Filer ("ADA Randalls" and "ADA Filer"), Judge Robert Crigler ("Judge Crigler"), April Hernandez ("Ms. Hernandez"), a person he describes as a "housewife," and Public Defenders Donna Orr Hargrove and Andrew Jackson Dearing, III ("PD Hargrove" and "PD Dearing"). Although Plaintiff's complaint is difficult to decipher, the Court discerns Plaintiff's claims are based on a July 2, 2004,

incident resulting in his interrogation, arrest, and prosecution; subsequent plea bargain that occurred on November 15, 2004; and the denial of post-conviction relief on September 11, 2005. Based on those events, the Court discerns Plaintiff is generally alleging the Defendants orchestrated his alleged illegal confinement (Doc. 1, at 5-7). Plaintiff seeks compensatory damages "for the time and pain and suffing [sic] and mental stress that [he has gone] through since [he was] wrongfully in prisoned [sic] all these years[.]" (Doc. 1, at 8).

For the reasons set forth herein, no service shall issue, and this complaint will be *sua sponte* **DISMISSED WITH PREJUDICE** for the reasons explained herein (Doc. 1).

I.  SCREENING OF COMPLAINT

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court construes the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded allegations of fact in the complaint as being true. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a factual allegation is capable of more than one

2

reasonable inference, it must be construed in Plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997). The Court may not dismiss a complaint merely because the Court does not believe the allegations of fact set forth in the complaint. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

The Court is not required to accept as true mere legal conclusions and unwarranted inferences of fact. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The complaint must do more than recite bare assertions of legal conclusions without supporting allegations of material facts. *Evans v. Pearson Enterprises Inc.,* 434 F.3d 839, 847 (6th Cir. 2006). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 Fed. Appx. 501 (6th Cir. March 18, 2009), *available at* 2009 WL 723132, *4; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must contain more than statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" *Id.* (Internal punctuation and citations omitted).

3

During the screening process, the Court is mindful that where a deficiency in the complaint is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (overruling in part, *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), and holding a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA). However, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted).

## II.  CIVIL COMPLAINT

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law. *See AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004). Plaintiff brings this § 1983 case against Ms. Hernandez based on an alleged false July 2, 2004, police report she made. Based on Ms. Hernandez's alleged false police report, the "Sheriff['s] Department" picked Plaintiff up and questioned him after he requested counsel.

As the Court understands Plaintiff's allegations, the initial plea agreement provided he would "go free." Instead of enforcing the original plea agreement to dismiss the charge, on November 15, 2004, after Plaintiff failed a "mental health evaluation," the prosecutors and defense counsel made a deal resulting in his incarceration. Judge Crigler denied Plaintiff post-conviction relief.

Thus, the main thrust of Plaintiff's complaint is that his illegal confinement was unconstitutionally orchestrated by the defendants when Ms. Hernandez submitted a

4

false police report, the Sheriff's Department questioned him without counsel, the prosecutors and defense counsel failed to enforce the initial plea agreement to dismiss the case, and Judge Crigler denied his request for post-conviction relief. Notably, neither the record nor the Court's research reveals the factual background of Plaintiff's underlying criminal case.

## III. ANALYSIS

### A. Improper Defendants

Plaintiff has named several defendants who are private individuals or entities not subject to suit under 42 U.S.C. § 1983, i.e., Bedford County Sheriff's Department; PD Hargrove, PD Dearing, and Ms. Hernandez, a private citizen. An essential element for all claims brought under § 1983 is a showing that the defendant acted under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155 (1978) (A claim brought under § 1983 requires a showing of a deprivation of a right "secured by the Constitution and the laws of the United States[,]" and that the defendants deprived plaintiff of the right "acting under color of any statute of the State[.]" (internal punctuation and citation omitted)). Thus, § 1983 does not create a cause of action against private actors, but rather, only creates a cause of action against defendants who have acted under color of state law.

#### 1. <u>Bedford County Sheriff's Department</u>

Plaintiff names the Bedford County Sheriff Department as a defendant. Sheriff's departments, however, are not persons within the meaning of § 1983. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983); *Matthews v. Jones,* 35

5

F.3d 1046, 1049 (6thCir. 1994) (a police department is not a person for purposes of § 1983).[1] Accordingly, the Bedford County Sheriff Department is *sua sponte* **DISMISSED WITH PREJUDICE** from this case.

    2.    <u>*Private Citizen Hernandez*</u>

Plaintiff also named Ms. Hernandez, whom he describes as a housewife. Ms. Hernandez is a private individual. A defendant must be a state actor before they are subject to liability under § 1983 which requires that a plaintiff must allege he was deprived of a right secured by the United States Constitution or laws of the United States by a person acting under color of law. *Flagg Bros. v. Brooks,* 436 U.S. at 155. Thus, § 1983 applies to acts of the states, not to acts of private parties.

Although "[a] plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct[,] . . . there are circumstances under which private persons may, by their actions, become state actors for § 1983 purposes." *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6thCir. 2003) (internal punctuation and citations omitted). A private party's action may constitute state action for § 1983 purposes if the private party willfully participates in the alleged unconstitutional conduct in joint action with the State or its agents. *Id.* at 590-91. Such is not the case before the Court as Plaintiff does not claim Ms. Hernandez was acting under color of state law or that she jointly engaged with state officials in unconstitutional conduct. Accordingly, because a plaintiff may not sue private parties under § 1983, Ms. Hernandez, a non-

---

[1]     The Court declines to permit amendment of the claims against the Bedford County Sheriff Department to include specific officers because, as the Court understands Plaintiff claim, such amendment would be futile at this time since any claim against an individual officer for allegedly obtaining a statement/confession from Plaintiff in violation of his constitutional right to counsel would be barred by the favorable termination rule of *Heck v. Humphrey,* 512 U.S. 477 (1994), which is explained in more detail in the next section of this opinion.

governmental defendant, is not a suable person or entity in this § 1983 action, and will be *sua sponte* **DISMISSED WITH PREJUDICE** from this lawsuit.

### 3. *Public Defenders*

Additionally, Plaintiff brings suit against the two public defenders that represented him in his underlying criminal case, PD Hargrove and PD Dearing. Plaintiff sues these attorneys in the § 1983 action for their failure to enforce the alleged original agreement to set Plaintiff free.

A public defender, like any retained attorney, serves his client. Apparently Plaintiff is of the impression that a court-appointed public defender representing a client in the defense of a criminal charge is acting under color of state law within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court finds no law to support that view.

To the contrary, the United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Thus, neither Attorney Hargrove or Attorney Dearing, even though they are public defenders and were appointed by the state court, is suable in a § 1983 action because attorneys do not act under color of state law for purposes of § 1983. *Mulligan v. Schlacter,* 389 F.2d. 231, 233 (6thCir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law). As the Supreme Court observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[ ] . . .and when representing an indigent defendant in a state criminal proceeding the public defender does not act under

7

color of state law for purposes of § 1983 because, regardless of the fact that he is appointed by the State, he is not acting on behalf of the State; he is the State's adversary." *West v. Atkins*, 487 U.S. 42, 50 (1988) (internal punctuation and citations omitted).

In sum, neither PD Hargrove nor PD Dearing was transformed into a state official acting under color of state law for § 1983 purposes, because, even though they were public defenders appointed by the court to represent Plaintiff, they did not act on the State's behalf; both attorneys were the State's adversary. Accordingly, Attorneys Hargrove and Dearing will be *sua sponte* **DISMISSED WITH PREJUDICE** from this lawsuit.

### B. Claims Barred by *Heck v. Humphrey*

Plaintiff brings this action requesting money damages and, impliedly, specific performance of the original plea agreement which he maintains was breached. Plaintiff claims he was "suppose to go free acording [sic] to the first deal that was made." Additionally, he challenges his statement/confession to the investigating officers/Bedford County Sheriff's Department and the post-conviction judge's decision declining to overturn his conviction and sentence (Doc. 1, at 7). Plaintiff's claims that his statement/confession was obtained in violation of his constitutional rights, the prosecution violated the original plea agreement, and the judge unconstitutionally refused to overturn his conviction and sentence on post-conviction are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) because, as explained below, each claim necessarily implies the invalidity of his conviction and sentence.

8

1. *Discussion*

Under *Heck*, a plaintiff cannot pursue a § 1983 claim that, if successful, would necessarily imply the invalidity of an underlying conviction or sentence, unless the plaintiff can demonstrate favorable termination of the prior conviction or sentence. *Id.* at 487. The *Heck* Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-487 (footnote omitted).

Plaintiff's sentence has not been favorably terminated as required by *Heck*. Plaintiff does not allege and nothing in the record before the Court or the Court's research demonstrates he has successfully challenged his conviction and sentence.

Here, success on any of Plaintiff's claims would necessarily imply the conviction and sentence are invalid because underlying his claims are the allegations that his statement/confession was obtained in violation of his constitutional right to counsel; the prosecutors breached the original agreement to dismiss the case; and Judge Crigler unconstitutionally refused to overturn his conviction and sentence in post-conviction proceedings, thus resulting in his illegal conviction and sentence. Plaintiff's arguments, assuming they were true, would necessarily imply the invalidity of his conviction and sentence. Plaintiff's claims are precisely the type prohibited under *Heck*.

9

In sum, to recognize that his conviction and sentence were based on an unconstitutionally obtained statement/confession, a breached plea agreement, or an unconstitutional denial of post-conviction relief would necessarily imply his conviction and sentence are invalid. Accordingly, the claims are barred by the *Heck's* favorable termination rule, as relief on any of his claims would imply the invalidity of his conviction and sentence which have not been reversed or set aside.

### 2. *Requested Relief Barred by Heck*

Plaintiff does not specifically request the Court to invalidate his conviction and release him from prison, even though, as previously stated, a finding in his favor on his claims would necessarily imply that his convictions and sentences were invalid. Rather, he seeks compensation for the time, pain and suffering, and mental stress he has endured while "wrongfully in prisoned [sic] all these years." (Doc. 1, at 8). *Heck*, as extended by *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for injunctive and monetary relief not cognizable under § 1983 as it necessarily implied invalidity of good-time credits where he alleged deceit and bias on part of hearing officer), does not permit money damages based on allegations that necessarily imply the invalidity of a conviction or sentence. Because awarding relief to Plaintiff on any portion of his claims would necessarily imply the invalidity of his conviction and sentence, his claim for money damages is not cognizable under § 1983.

Accordingly, because a favorable ruling would necessarily imply the invalidity of Plaintiff's conviction and sentence, in direct violation of *Heck,* and Plaintiff has not had his convictions reversed, expunged, or otherwise declared invalid, his claims are not yet cognizable in a § 1983 action.

Even assuming for the sake of discussion that Plaintiff's complaint was not barred by the *Heck* favorable termination rule, the claims nevertheless would be barred because the government officials have absolute immunity.

### C. Official Capacity Claims

Plaintiff has sued ADA Randalls and Filer, and Judge Crigler without indicating the capacity in which he is suing the defendants. A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir.1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir.1993); *Hardin v. Straub*, 954 F.2d 1193, 1199–1200 (6th Cir.1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir.1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D.Tenn.1994), *aff'd*, 125 F.3d 324 (6th Cir.1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.) (Court treated complaint as suing judge in official capacity due to complaint's lack of indication of capacity), *cert. denied*, 502 U.S. 883 (1991). Nevertheless, for the reasons explained below, Plaintiff is not entitled to relief whether suing the prosecutors and judge in their official or individual capacities.

A state officer or employee is defined as "any person who is state official, including members of the general assembly and legislative officials elected by the

general assembly, or any person who is employed in the service of those and whose compensation is payable by the state, or any person who is employed by the state whose compensation is paid in whole or in part from federal funds[.]" Tenn. Code Ann. § 8-42-101(3). Defendants Assistant District Attorneys Randalls and Filer and Judge Crigler are state employees. *See Earl v. Ballew,* No. 10-5052 (unpublished) (6th Cir. Feb. 2, 2011) (suit against individual judges in their official capacities for monetary relief treated as suit against the state); *Cady v. Arenac County*¸ 574 F.3d 334 343 (6th Cir. 2009) (suit against prosecutor treated as a suit against the state). Suing a state officer in his official capacity for damages is equivalent to suing the state itself. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Accordingly, because § 1983 applies only to persons, and States are not persons, Plaintiff's claim premised on § 1983 against Defendants Assistant District Attorneys Randalls and Filer and Judge Crigler in their official capacities will be *sua aponte* **DISMISSED WITH PREJUDICE**.

### D.   Individual Capacity Claims

Plaintiff has not specifically sued the prosecutors and judge in their individual capacities. Nevertheless, assuming for the sake of discussion that he has, they are all entitled to immunity.

#### 1.   *ADA Randalls and Filer*

Plaintiff claims the prosecutors breached the original plea agreement to dismiss the case. Although this claim is confusingly pled and factually lacking, even assuming a sufficient allegation, it must be dismissed with prejudice because the complaint fails to

12

state a claim upon which relief may be granted because the prosecutor has absolute immunity from suit on these claims and allegations.

Absolute prosecutorial immunity protects government officials from individual liability for actions undertaken "in the exercise of their duties[,]" *Burns v. Reed*, 500 U.S. 478, 386-87 (1991), and extends to those activities falling within a prosecutor's role as advocate for the state. *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). Therefore, prosecutors are afforded immunity for their conduct in "initiating a prosecution and in presenting the State's case," inasmuch as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). However, acts not inherently prosecutorial in nature are not protected by absolute immunity but rather, are protected by qualified, good-faith immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78 (1993).

Plaintiff's allegation that the prosecutors breached the plea agreement is inherently prosecutorial in nature. Thus, not only has Plaintiff failed to sufficiently allege a claim, even assuming a claim is alleged, Defendant ADAs are entitled to immunity.

First, the allegation against the prosecutors fail to state a § 1983 claim because Plaintiff has not identified the specific contents of the alleged agreement to dismiss the case or submitted any documentary evidence of the alleged agreement. Plaintiff simply has failed to provide any factual support to his claim that the prosecutors breached the initial agreement to dismiss the case. Consequently, Plaintiff's bald allegations that the defendant prosecutors breached the plea agreement, without identifying the specific terms of the plea agreement, are insufficient to raise a constitutional violation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 554 ("Factual allegations must be enough to

13

raise a right to relief above the speculative level (citation omitted). Indeed, under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right secured by the United States Constitution or laws of the United States, and the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. at 155-57. Plaintiff's complaint against the prosecutors fails to satisfy the first requirement under 42 U.S.C. § 1983. Nevertheless, even assuming Plaintiff has sufficiently stated a claim, the prosecutors are entitled to immunity.

Plaintiff complains about ADA Randalls' and ADA Filer's conduct as prosecutors and advocates during his criminal proceedings and in relation to the plea agreement. ADA Randalls and ADA Filer are entitled to absolute immunity from suit when they act within the scope of their prosecutorial duties. Absolute prosecutorial immunity extends to those activities that occur in the prosecutor's role as an advocate for the government in all judicial proceedings. *Yaselli v. Goff*, 275 U.S. 503 (1927) (affirming Second Circuit extending absolute immunity to federal prosecutors); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor protected by absolute immunity against civil damages for activities "intimately associated with the judicial phase of the criminal process"); *Harris v. Bornhorst,* 513 F.3d 503, 509-10 (6th Cir. 2008); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Thus, because the allegations against ADA Randalls and ADA Filer arise from actions taken during their traditional role in the judicial process, they are entitled to absolute immunity. *Imbler*, 424 U.S. at 409; *Lee v. Willins*, 617 F.2d 320 (2nd Cir. 1980) (prosecutorial immunity protected prosecutor against civil liability for falsification of evidence and coercion of plea bargain). Nevertheless, as previously stated, even if Plaintiff could somehow prove the prosecutors were not entitled to

absolute immunity, he still could not proceed with his claims against them at this time because *Heck* prevents him from bringing this § 1983 action until his underlying criminal conviction was been reversed, vacated, or otherwise invalidated.

Accordingly, because the challenged conduct clearly occurred during the prosecutors' traditional role in the judicial process, they are entitled to absolute immunity from damages for the challenged actions and all claims against the Assistant District Attorneys must be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

2.  *Judicial Immunity*

Plaintiff claims that Judge Crigler violated his constitutional rights when he denied him post-conviction relief and refused to overturn his conviction (Doc. 1).

Under the doctrine of judicial immunity, Judge Crigler has absolute immunity from suit both from money damages and injunctive relief for his judicial acts. *Bradley v. Fisher,* 80 U.S. 335 (1871) (judicial officials are exempt from civil action for judicial acts); *see also Butz v. Economou*, 438 U.S. 478 (1978) *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White,* 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980).

Judicial immunity is immunity from suit, not just immunity from the assessment of money damages. *Mireles*, 502 U.S. at 11. Even a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit. Judicial immunity from suit applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11.

15

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable because the alleged acts of Judge Crigler in Plaintiff's post-conviction case were taken in the course of his judicial capacity and were not committed in the complete absence of all jurisdiction.

Consequently, based on the allegations contained in the complaint, Judge Crigler is absolutely immune from suit under § 1983. Plaintiff's § 1983 claims against Judge Crigler fail to state a claim upon which relief may be granted and seek to recover monetary relief against a defendant who is immune from such relief. Accordingly, all claims against Judge Crigler must be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## IV.   CONCLUSION

In light of the above analysis and law, the defendants either are not state actors and suable persons under § 1983, or are immune from Plaintiff's § 1983 claims. Accordingly, Plaintiff's complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) (Doc. 1). Had Plaintiff raised arguable § 1983 claims, the Court would have allowed him to amend, but since the claims are not

remediable by amendment, it would be futile to permit an amended complaint. *LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013).

Accordingly, this case will be **DISMISSED** by separate judgment order.

>        */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE